September 30, 2015   57,250-13

Court of Criminal Appeals
Clerk, Abel Acosta,
P.O. Box 12308, Capitol Station
Austin, Texas, 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 12 2015
Abel Acosta, Clerk

IN RE: Donald Gene Blanton

vs.

86th District Court

Cause No.# 23,078-86/23,592-86

Dear, Clerk,

Enclose for Filing And Presentation to the Court At your Earliest Convenience Please find the Original Applicant Sworn Affidavit, Motion For Leave to Filed Motion For Rule 201 Judicial Notice Texas Rule of Evidence And Motion For Leave to Filed Application For A Writ of Mandamus

IN THIS WRIT OF MANDAMUS PROCEEDINGS FOR Filing IN THE COURT AT YOUR EARLIEST CONVENIENCE.

THANK YOU IN ADVANCE FOR YOUR VALUEABLE TIME AND ATTENTION.

RESPECTFULLY Submitted,

Donald Gene Blanton

2.

IN THE COURT OF
CRIMINAL APPEALS OF TEXAS

DONALD GENE BLANTON,
                    RELATOR
            v.
86TH DISTRICT COURT,
                    RESPONDENT

ON APPLICATION FOR A
WRIT OF MANDAMUS
86TH JUDICIAL DISTRICT COURT
OF KAUFMAN COUNTY, TEXAS
CAUSE NO. 23,078-86 AND 23,592-86

MOTION FOR LEAVE TO FILED
APPLICATION FOR A WRIT
OF MANDAMUS

RESPECTFULLY SUBMITTED,
Donald Gene Blanton

MOTION FOR LEAVE TO FILED APPLICATION FOR A WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, DONALD GENE BLANTON, TDCJ-CID# 1307891, PROCEEDING PRO SE, AND PURSUANT TO RULE 72.1 TEXAS RULE OF APPELLATE PROCEDURE, FILES THIS ORIGINAL MOTION FOR LEAVE TO FILED APPLICATION FOR A WRIT OF MANDAMUS, AND WOULD RESPECTFULLY SHOW UNTO THIS HONORABLE COURT THE FOLLOWING,

THIS COURT OF CRIMINAL APPEALS HAVE ORIGINAL JURISDICTION TO ISSUE A WRIT OF MANDAMUS IN THIS CAUSE UNDER ART. 5, SECTION 5,

2.

OF THE TEXAS CONSTITUTION AND THE UNITED STATES CONSTITUTION ARTICLE 1, Eighth AND FOURTEENTH AMENDMENT. Also, NAPUE V. ILLINOIS, 360 U.S. 264, 269-270, 79 S. CT. 1173, 3 L.Ed.2a 1217 (1959)

ON April 23, 2008 THIS COURT OF CRIMINAL APPEALS IN EX PARTE BLANTON, WR-57,250-04, DENIED RELATOR APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 11.07, UPON THE Finding OF FACTS OF THE TRIAL COURT, DENIED WITHOUT WRITTEN ORDER.

3.

NEWLY DISCOVERED EVIDENCE OF ACTUALLY INNOCENCE, Ex Parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996) HAVE SURFACED TO CLEARLY AND UNQUESTIONABLE SHOW NO REASONABLE JUROR COULD HAVE FOUND RELATOR GUILTY IN LIGHT OF THE NEW EVIDENCE AND THE FRAUDULENT EVIDENCE KAUFMAN COUNTY DISTRICT ATTORNEY SUBMITTED TO THE FIFTH COURT OF APPEALS AGAINST RELATOR TO HAVE HIS DIRECT APPEAL DENIED AND THEN FRAUDULENT THIS COURT OF CRIMINAL APPEALS

6.

With A Totally different Evidence
Kaufman County District Attorney
Submitted A Sworn Affidavit
To This Honorable Court Attached
The State's Exhibit-C, That The
Trial Jury Convicted and Sentenced
Relator To Life And 20 years

This State's Sworn Affidavit
Was Submitted In The
State's Writ Of Habeas Corpus
Proceedings...

Newly Discovered Evidence
Will Clearly Show State's
Exhibit-C, Attached To The
State's Sworn Affidavit

Submitted to This Court
is a misdemeanor Baggie
of Marijuana Residue and Rolling
Papers. See, Attached State's
Sworn Affidavit page 12-13.

The Arresting Police Officer
never filed the misdemeanor
Marijuana and Rolling Papers Charged
with the Kaufman County District
Attorney Office Also the
District Attorney Dismissed the
Misdemeanor Marijuana and Rolling
Papers Offense nor was Relator
Indicted for Misdemeanor
Marijuana and Rolling Papers.
Citing. Napue v. Illinois, 360 U.S. 264,
269-270, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959).

6.

Due Process violated when State, Although not soliciting False Evidence Allows it To go uncorrected when it Appears, Id. The State's use of False Testimony in Securing The Convictions Taints The Convictions, Napue v. Illinois, Id,

On April 22, 2015, Donald G. Blanton Filed His motion For State Production of Evidence Relied upon For Defendant Conviction In Question To Defendant Actually Innocence,

ON MAY 26, 2015, Donald G. Blanton Filed His motion TO RESOLVED Dispute BETWEEN Fifth DiSTRiCT Court OF Appeals Justice Evidence And Kaufman County District Attorney Evidence Convicted Defendant WHO IS Actually Innocence,

ON JUNE 4, 2015, Donald G. Blanton Filed His motion FOR STATE Production Indictment TO THE STATE SWORN Affidavit Evidence Relied on TO Defendant's Conviction, Defendant Actually Innocent,

8.

RELATOR HAVE PROPERLY fiLED HIS THREE (3) MOTIONS IN THE KAUFMAN COUNTY DISTRICT COURT 86TH JUDICIAL JUDGE CASEY BLAIR HAVE CLEARLY AND CONVINCING EVIDENCE fiLED BEFORE HIM TO SHOW RELATOR ACTUALLY INNOCENCE AND JUDGE CASEY BLAIR REFUSED TO MAKE RULINGS ON RELATOR'S PROPERLY fiLED MOTIONS KNOWING RELATOR IS ACTUALLY INNOCENCE AND ENTITLE TO MANDAMUS RELIEF.

JUDGE BLAIR HAVE fAILED/REFUSED TO PERFORM HIS MINISTERIAL FUNCTION, SEE, WHITE J. REITER, 640 S.W. 2d 586 (TEX. CRIM. APP. 1982), BRAXTON V. DUNN, 803 S.W. 2d 318, 320 (TEX. CRIM. APP. 1991)

9-

RELATOR HAS NO ADEQUATE REMEDY AT LAW TO PURSUE THE REQUESTED RELIEF OTHER THAN WITH THIS APPLICATION.

THIS COURT HAS JURISDICTION TO ISSUSE A WRIT OF MANAMUS IN THIS CAUSE UNDER ART. 5, SECTION 5, OF THE TEXAS CONSTITUTION AND ART 5.05, OF THE COURT OF CRIMINAL PROCEDURE.

WHEREFORE, PREMISES CONSIDERED, THE RELATOR PRAYS THAT THIS HONORABLE COURT GRANT HIS SWORN AFFIDAVIT AND TAKE JUDICIAL NOTICE OF THE LEGAL DOCUMENTS IN THIS WRIT OF MANDAMUS PROCEEDINGS AND ISSUE A WRIT OF MANDAMUS DIRECTING JUDGE CASEY BLAIR TO APPOINTED RELATOR A COURT APPOINTED

10.

Attorney And Ruled To Hold A Hearing on Relator Three (3) Filed Motions Within 30 days With Relator Been Present With Counsel And The Court Reporter Make A Full Record Of The Hearing And Mailed To This Court Within 30 days Unless This Court Find A Hearing Will be "Useless" For The State And A Worst Of Tax Payer Money. Because Relator is Actually Innocence And Entitle To All Mandamus Relief.

Respectfully Submitted,

Donald Blanton

# CERTIFICATION OF SERVICE

I, Donald G. Blanton, TDCJ-CID #1307891, Do HEREby CERTify THAT A COPy of THE AbOvE ANd FOREgoing RELATOR'S SWORN AFFidAviT ANd RELATOR'S REQUESTED FOR Judicial NOTICE ANd MOTion FOR LEAvE TO FilEd APPliCATioN FOR A WRit OF MANdAMUS HAVE bEEN SERVE UPON HONORAbiE Judge, CASEY BlAiR, KANFMAN COUNTY DiSTRiCT COURT. 100 WEST, MUlbERRY STREET, KANFMAN, TEXAS, 75142, ViA FiRST ClASS PREPAid U.S. POSTAgE MAiled.

ON THIS THE 30th DAy OF SEPTEMBER, 2015.

Donald Blanton

12.

September 30, 2015

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE          CAUSE NO. 23,018-86/23,592-86

DONALD GENE BLANTON,
                              APPLICANT,

SWORN AFFIDAVIT

I, DONALD GENE BLANTON, TDCJ#1307891, BEING CURRENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION AT THE STILES UNIT LOCATED IN BEAUMONT, TEXAS DO HEREBY SWEAR AND DECLARE UNDER PENALTY OF PERJURY AND PAIN THAT THE FOLLOWING SWORN AFFIDAVIT STATES FACTS RELEVANT TO MY ARREST AND CONVICTION ARE TRUE AND CORRECT THE BEST OF MY KNOWLEDGE AND BELIEF.

1.

My NAME is Donald Gene Blanton, And I was ARRESTED July 10, 2004 by police OFFICER Joshua Jennings, Mabank police Department,

On June 27, 2005 Donald Gene Blanton was called Before the Kaufman County District Court Jury Trial FOR THE OFFENSES, possession of Cocaine, less than one gram and Tampering With Evidence,

Kaufman County District Attorney, erleigh Norville Wiley office stated To The Trial Jury... That This is Not A Complicated case, See, Vol, 4, RR. p. 10-13,

2.

Which was not true and the trial records will clearly show Kaufman County District Attorney, Erikesh Norville Wiley office lied to the jurors and lied and fraudulent evidence to the Court of Appeals Fifth District against Donald Gene Blanton and lied and fraudulent evidence to the Court of Criminal Appeals, the records will go on to show Kaufman County District Attorney office failed to establish probable cause in this case by failing to convince the presiding magistrate to signature

3

THE ARRESTING POLICE OFFICER
SWORN KAUFMAN COUNTY PROBABLE
CAUSE AFFIDAVIT,
SEE, ATTACHED KAUFMAN COUNTY PROBABLE
CAUSE AFFIDAVIT NO MAGISTRATE SIGNATURE
AND VOL. 1, RR. P. 31, PROSECUTOR
TESTIMONY. STATING THE KAUFMAN
COUNTY PROBABLE CAUSE AFFIDAVIT
IS NOT REQUIRED A MAGISTRATE
SIGNATURE WHICH IS INCORRECT

SEE ATTACHED, MABANK POLICE
DEPARTMENT, CHIEF OF POLICE
JULY 6, 2007, LETTER, STATING THE
KAUFMAN COUNTY PROBABLE CAUSE AFFIDAVIT
REQUIRES THE MAGISTRATE DETERMINATION

4.

If THE CASE WAS NOT Complicated Kaufman County District Attorney Erleigh Norville Wiley office Would NOT HAVE ANNOUNCE ON THE Morning of THE Jury TRiAl. THAT THE Prosecutor Could NOT PROVED THEiR Indictment SEE, ATTACHED Vol.3, RR. P.20 And ASKED THE TRiAl Judge To filed A Information AND Complaint Cause NO# 23,592-86 ... When THE Prosecutor Original Indictment Cause NO# 23,579-86.

SEE, ATTAched. THE Prosecutor Original Indictment Cause NO# 23,579-86 And THE Prosecutor Information And Complaint Cause NO# 23,592-86

5.

THE PROSECUTOR did NOT KNOW
SHE HAD TO MEET THE REQUIREMENTS
OF TEXAS CODE OF CRiMiNAl PROCEDURE
ARTiCIE 32.02 DismissAl By STATE ATTORNEY

THE PROSECUTOR did NOT filed
THEiR MOTiON TO Dismiss UNTil
JUNE 30, 2005 ONE (1) dAY AFTER
THE JUNE 27-29, 2005 JURY TRiAl
WAS OVER.

SEE ATTACHEd, STATE's MOTiON TO Dismiss-
Al.

THE TRiAl Judge did NOT Signed
THE ORdER OF DismissAl
UNTil JULY 1, 2005, TWO (2) dAYs

AFTER THE JURY TRiAl Which
THE ORiginAl IndicTMENT WAS
Still THE ConTRolling IndicTMENT

6-

THE JURY found DONALD GENE BLANTON
GUILTY ON THE STATE'S ~~I~~ INformation
And Complaint And SENTENCE HIM
To Life, Without THE COURT
Having Jurisdiction.

If THE Case WAS NOT COMPLICATED
KAUFMAN County District ATTORNEY,
ERLEigh NORVILLE WILEY office
Could HAVE Explained To THE JURY
THE ARRESTing police officers
LIED To THE TRIAL JURY WHEN
HE STATED UNDER "OATH" HIS police CAR
WAS NOT Equipped With Video And
Audio CAPAbilities,
SEE, ATTACHED, Vol. 4, R.R. p. 139,
WHEN THE police officer DESTROYED

7.

THE police CAR video of THE
ARRESTED... WHEN THE police officer
CAR did video THE ARRESTED
SEE, Attached, MAbANK police DEPARTMENT
Chief of police SEPTEMBER 17, 2004 ANd
page #31, footnote Also October 21, 2004
letter.

If THE CASE WAS NOT Complicated
KAufmAN County District Attorney.
ERLEigh NORville Wiley office
Could HAVE explained To THE Jury
THE ProsecuToR Told Donald G. BlaNTon
THAT she Would violated HER
Boss ORDERS... If Donald G. BlaNTon
Would Accepted HER plea BARgain
offer.

8-

THAT Donald L. Blanton REJECTED
SEE. Attached, STATE'S SWORN Affidavit
Page #4, AND STATE'S PlEa BargaiN Offer,

KaufMAN CouNty District AttorNey,
FERlEIGH MorVille Wiley Office
CoNtiNue To ViolatioN HER Office
Policy ... Drug Policy,
THAT did NOT AllowEd THE police
AGENCiES IN THE ARea To File
A DRug CasE uNTil They HaVE
REcEiVEd THE WAboRATory REPoRT
ON THE dRugs. IN THAT ParTicuLar
Case, This District ATTORNEy Office
Submitted A SWORN Affidavit
IN THEiR WRit Of HaBEAS CoRpus
PRoceediNgs,

9.

TO THE COURT OF CRIMINAL APPEALS
THE SWORN AFFIDAVIT HAVE THE
EVIDENCE EXHIBIT ATTACHED, THE JURY
CONVICTED DONALD G. BLANTON UPON
STATE'S EXHIBIT #4, EXHIBIT-C (SAME)
SEE ATTACHED, STATE'S SWORN AFFIDAVIT
PAGE 12-13, Also STATE'S WRIT OF HABEAS
CORPUS, FOOTNOTE, PAGE #6, AND DISTRICT
ATTORNEY OFFICE DRUG POLICY LETTER
DATED SEPTEMBER 24, 2004,

STATE'S EXHIBIT #4, EXHIBIT-C, HAVE NEVER
BEEN TESTED AT THE DRUG LABORATORY
According TO THE STATES OWN
TRIAL WITNESS... WHO TESTIFIED
UNDER SWORN OATH THAT HE

10.

Could not identify State's Exhibit-# 4,
Exhibit-C,
See Attached, Drug Wah Testimony,
Vol-4, RR. p-106,

State's Exhibit-# 4, Exhibit-C, has no
Lab Report and could not be filed
with the District Attorney office Policy
the Trial Jury Convicted Donald Blanton
for State's Exhibit-# 4, Exhibit-C,
and Sentence him to Life and 20 years
Prison Term... Without the misdemeanor
Marijuana and Rolling papers Charged not
filed with the District Attorney office
Nor Indicted,

By the State's own Admission
See, Attached, State's Sworn Affidavit
Page, 12-13,

11.

ON APRIL 22, 2015, Donald G. Blanton Filed His motion FOR STATE Production OF Evidence Relied upon FOR Defendant Conviction IN Question TO Defendant Actually INNOCENCE,

ON MAY 26, 2015, Donald G. Blanton Filed His motion TO RESOLVED Dispute BETWEEN Fifth District Court OF Appeals Justice Evidence AND Kaufman County District Attorney Evidence Convicted Defendant WHO IS Actually INNOCENCE,

ON JUNE 4, 2015, Donald G. Blanton Filed His motion FOR STATE Production Indictment TO THE STATE's SWORN Affidavit Evidence Relied ON TO Defendant's Conviction. Defendant Actually INNOCENT,

Donald G. Blanton have served these legal motions upon Kaufman County District Attorney, Erleigh Norville Wiley who refused to respond to the three (3) legal motions after reviewing the evidence.

Trial Judge Casey Blair refused or failed to rule on the three (3) legal motions that is properly filed and before court. Which leaved Donald G. Blanton without any other adequate remedy at law than with this application for writ of mandamus. On this the 30th day of September 30, 2015.

Respectfully submitted,

Donald Blanton

13.

# KAUFMAN COUNTY PROBABLE CAUSE AFFIDAVIT

## (ARREST WITHOUT WARRANT)

On 7-10-04 ,personally appeared Joshua Jennings
a Peace Officer, who states under oath;

On 7-10-04 Joshua Jennings arrested
Blanton Donald Race/Sex: B/M
DOB: 11-13-62
in Kaufman County, Texas for the offense of Poss. Cont. Substance
U/a H.S.C. 481.115(b) SJF ,a misdemeanor/felony based on the
following facts:

Officer Jennings was behind the accused and observed the accused fail to signal required distance Officer Jennings observe a object later found to be a ripped open bag on S.Coleman St. Officer Jennings followed the vehicle to the 100 Blk. of Old City Lake Rd. to perform a traffic stop making time for a back up officer to close distance. officer Jennings turn on his overhead lights to stop the accused and the vehicle slowed and continued into the 200 Blk of Old City lake Road. Officer Jennings observed what looked to be at the time to bags along with a slim object come out the window. Officer exited his patrol unit and walked back about twenty feet and located a clear bag with a white powder substance inside it believed to be cocaine. Officer Jennings also located a hand rolled cigarette containing a green vegetable matter believed to be marijuana that was ripped into. Officer Jennings located a clear bag that was open on both ends with green vegetable matter residue on the bag. Officer Jennings went back to Coleman where the first object was thrown and located a _____ with green vegetable matter residue on it was thrown and located a _____

_____
Arresting Officer

Sworn to and subscribed before me, this the 10 day of July , 20 04 .

Katrina Freeman
Printed name of Notary

Notary public in and for, State of Texas
My commission expires 3-23-05

_____
Signature

I do find/do not find probable cause exists to believe the above named person committed the offense.

OFFICIAL SEAL
Katrina Freeman
State of Texas
My Commission Expires
March 23, 2005

_____    _____
Magistrate                    Title

not only to preliminary matters but specifically to motions to suppress. Now if the court would require that I have a live witness --

THE COURT: Is Granados specifically on motions to suppress?

MS. HUNT: That was my understanding, Your Honor. I could pull you a copy of that. I believe that Granados v. State was on a motion to suppress.

MS. BEESLEY: But that doesn't overrule Texas Code of Criminal Procedure.

THE COURT: Court opinion, the motion to suppress it might very well do that.

All right. I have Granados.

(Pause).

MS. BEESLEY: Does it say, Your Honor, that affidavits are not required?

MS. HUNT: Your Honor, I also like to point out that in the Kaufman County probable cause affidavit, the only part that is not signed there is the magistrate title. But if you refer to that section of it, this is a probable cause finding. It's not required on an affidavit to have a probable cause finding. So the signature of the magistrate is not relevant to the affidavit.



# MABANK POLICE DEPARTMENT

**CHIEF OF POLICE**
**ALEX SMITH**

**P.O. Box 293**
129 E. Market Street
Mabank, Texas 75147

Phone: 903-887-8500
Fax: 903-887-4268

July 6, 2007

Ethel Magee
1517 Warwick
Houston, TX 77093

Mrs. Magee:

     When an officer makes an arrest, the probable cause affidavit is filled out. The information provided on the affidavit is a description of the incident and the details that cause the officer to make the arrest.

The probable affidavit is notarized or witnessed by another officer and is presented to the Magistrate at the time of arraignment. The Magistrate determines whether he/she believes there was probable cause for the arrest.

I hope this answers any questions you have about the probable cause affidavit.

Alex Smith
Chief of Police
Mabank Police Dept.

THE COURT: Twenty-five minimum.

MS. BEESLEY: You understand that?

THE DEFENDANT: Yes.

MS. BEESLEY: You also understand that with proceedings here today and before this court that the state, based on the fact that I presented them a case, and that case would be Gregory Alan Pannell versus the State of Texas, that they realize that they cannot prove their case as it was alleged in that particular indictment and have asked the court and also asked you to be allowed to proceed on an information; correct?

THE DEFENDANT: Yes.

MS. BEESLEY: You understand that you have a right to have that case presented to the grand jury, but you can give up that right and proceed today if you decide to agree to give up that right?

THE DEFENDANT: Yes.

MS. BEESLEY: Is it your desire to want to proceed on today with both cases knowing that you have to give up your right to grand jury, have your case presented to the grand jury, or do you want to try the possession case and then later let them try the tampering case against you?

I've also instructed you -- before you

Cause No. 23579-86

| The State of Texas | § In the 86th District Court |
|---|---|
| | § |
| Vs. | § In and For |
| | § |
| **Donald Gene Blanton** | § Kaufman County, Texas |

### INDICTMENT – Tampering With Physical Evidence
Third Degree Felony

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Kaufman, State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the **February** Term A. D. **2005**, of this Court for said County, upon their oaths present in and to said court at said term that **Donald Gene Blanton**, hereinafter styled Defendant, on or about **July 10, 2004**, and before the presentment of this indictment, in the County and State aforesaid, did then and there,

**knowing that an investigation was in progress, intentionally or knowingly destroy a thing, to-wit: cocaine, with intent to impair its availability as evidence in the investigation;**

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
Foreperson of the Grand Jury

Recommended bond amount: $

Person ID: 12123

Cause No. 23592-86

| | | |
|---|---|---|
| The State of Texas | § | In the ~~County Court at Law~~ 86th District Court |
| | § | |
| vs | § | In and For |
| | § | |
| Donald Gene Blanton | § | Kaufman County, Texas |

## INFORMATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

I, Ed Walton, Criminal District Attorney of Kaufman County, Texas, by and through the Assistant Criminal District Attorney whose signature appears below, on the written affidavit of Ronnie Breathwit, a competent and credible person, herewith filed in the ~~County Court at Law~~ 86th District Court in and for Kaufman County, Texas, do present in and to said Court that on or about **July 10, 2004** in the County of Kaufman and State of Texas, **Donald Gene Blanton**, Defendant, did then and there:

Knowing that an investigation was pending or knowing that an offense has been committed, intentionally or knowingly alter, destroy, or conceal a thing, to-wit: cocaine and its packaging, with intent to impair its availability as evidence in the investigation, or in any subsequent investigation related to the offense;

AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.

Bi Hunt

000003

# Complaint
## Charge(s): Tampering With Physical Evidence;

Name: Donald Gene Blanton
Address: P O Box 403
Mabank Tx 75147

Assigned Prosecutor: Bi Hunt
Arresting Agency:

DOB: 11/13/1962
DL: TX-09578477

Offense Date: 07/10/2004
Personal ID: 12148

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

I, the undersigned investigator, being duly sworn, do state upon my oath that I have good reason to believe and do believe based upon the following information, to wit: the report of **Joshua Jennings** the arresting authority, who is a commissioned peace officer of the State of Texas, and I charge that heretofore, and before the making and filing of this complaint, on or about **July 10, 2004**, in the County of Kaufman and State of Texas, **Donald Gene Blanton**, Defendant, did then and there:

Knowing that an investigation was pending or knowing that an offense has been committed, intentionally or knowingly alter, destroy, or conceal a thing, to-wit: cocaine and its packaging, with intent to impair its availability as evidence in the investigation, or in any subsequent investigation related to the offense;

AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.

_____
Investigator, Kaufman County, Texas

Sworn to and Subscribed Before Me by the above-named Investigator, known to me to be a credible person, on the _27t_ day of _June_ , 200_5_ .

000004

Bi Hunt

SANDRA L. ___
DISTRICT CLERK
05 JUN 27 AM 9:13
___

Cause No. 23579-86

| The State of Texas | § | In the 86th District Court |
| vs | § | In and For |
| Donald Gene Blanton | § | Kaufman County, Texas |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

The State of Texas by and through her Criminal District Attorney moves this Court to dismiss this cause of action and in support thereof would show as follows:

1. The Defendant is charged with the offense of Tampering With Physcial Evidence.

2. The State moves to dismiss this cause of action in the interest of justice.

WHEREFORE, the State of Texas respectfully requests that the Court dismiss this cause of action.

Respectfully Submitted
Ed Walton
Criminal District Attorney
100 W. Mulberry
Kaufman, Texas 75142
(972) 932-4331
(972) 932-0357 (Facsimile)

Bi Hunt — Cowan
SBN: 24027081     0079 3559

Cause No. 23579-86

The State of Texas                    §     In the 86th District Court

vs                                    §
                                      §     In and For
                                      §
Donald Gene Blanton                   §     Kaufman County, Texas

## ORDER OF DISMISSAL

On this date, the Motion to Dismiss of the State of Texas was presented to the

Court. The Court is of the opinion that such motion should be, in all things, granted.

IT IS THEREFORE ORDERED that this cause of action is hereby dismissed.

SIGNED this ____ day of _____, 200__.


_____
JUDGE PRESIDING

FILED FOR RECORD
KAUFMAN COUNTY

05 JUL -6 AM 10: 10

SANDRA FEATHERSTON
DISTRICT CLERK

BY _____ DEPUTY

000032

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to:

Deborah A. Beesley
P O Box 1589
Forney Texas 75126

Signed this __30th__ day of __JUNE__, 200_5_.

_____
Bi Hunt

A.    From November to July.

Q.    And how many months is that?

A.    Nine.

Q.    When you arrived to the scene, did you use your car video?

A.    No.

Q.    Could you explain why not?

A.    My car was not equipped with video and audio capabilities at that time.

Q.    At -- in 2002 didn't all police cars supposed to be equipped with audio video?

A.    Mine was not working, sir.

Q.    Was it not working or you didn't turn it on?

A.    No, sir, it was not working.

Q.    Officer didn't tell you not to turn it on coming to the seen, did he?

A.    No, sir, he did not.

Q.    When you arrived to the scene, can you explain what you seen?

A.    Officer Jennings had initiated a traffic stop on a silver pickup.  And at that time I exited my patrol vehicle and conferred with Officer Jennings.

Q.    And you never searched the accused vehicle?

A.    No, sir.

Q.    Did you see -- did you see any cocaine in the





CHIEF
MABANK
POLICE
TX

# MABANK POLICE DEPARTMENT

**CHIEF OF POLICE**
**ALEX SMITH**

**P.O. Box 293**
129 E. Market Street
Mabank, Texas 75147

Phone: 903-887-8500

Fax: 903-887-4288

September 17, 2004

Mr. Donald Gene Blanton
Inmate Kaufman County Jail
1900 E. Hwy 175
Kaufman, TX. 75142

Dear Mr. Blanton:

This letter is in response to the letters that you have flooded my office with. Under Texas Government Code 552.028(a)(1), my office is not required to comply with an open record request from a person confined in a correctional facility. However, I am forwarding a copy of the arrest report to you. Texas Government Code 552.029 that you referred to has to deal with your information being released as an inmate, not your right to information as an inmate.

In response to your allegation of corruption in this department and the allegation that Officer Jennings took drugs from the trunk of his patrol car and placed in your possession. I find no evidence of this fact. The evidence we have in custody that you have been charged with can plainly be seen on video being thrown from the vehicle you were driving as it travels down the road.

I can assure you, that this office will not "negotiate" the charges against you. This is not the function of the Police Department. The District Attorney's office may offer Plea Bargains but you will have to contact that office in reference to that matter.

As to your request for Motion of Discovery, that also is a matter that is handled through the DA's office.

As to the allegation of Racial Profiling, this department along with every department in the State has a policy that pertains to Racial Profiling. I can assure you that an investigation will be done in accordance with that policy.

Mr. Blanton, I appreciate your determination in your present legal situation however most of your efforts are being forwarded in the wrong direction. I recommend sending any further correspondence to the District Attorney's Office

Alex Smith
Chief of Police
Mabank Police Department

139). According to the applicant, all patrol cars were required to be equipped with such equipment and therefore, the officer's testimony to the contrary was a lie. But the applicant provides no authority for the claim that all patrol cars are required to be equipped with cameras, nor has he provided any evidence that Officer Swearingen's *did it work* patrol car had a dash camera. Thus, the applicant has not sustained his burden of pleading true facts that would entitle him to relief.[6] *See Ex parte Maldonado,* 688 S.W.2d at 116.

The applicant also contends that Officer Swearingen committed perjury because it conflicts with Officer Jennings' testimony concerning where on the street the evidence was found. The applicant does not provide record cites for his claim, but in any case, the State notes that both officers testified that the evidence was found on top of the roadway with most of the contents having been spilled out (RR 4 at 34, 140). Those are not inconsistent statements. Therefore, the applicant's complaint is meritless.

Finally, the applicant asserts that Officer Swearingen committed perjury by testifying that Officer Jennings never went to the trunk of his (Jennings') patrol car when in fact Jennings testified that he placed the evidence in his trunk (RR 4 at 33-34, 146). However, the record reflects that Officer Swearingen also testified that he did not observe

---

[6] According to counsel, Officer Swearingen's patrol car was equipped with a dash cam and recorded the stop; however, additional stops were later recorded over the applicant's stop when no racial-profiling complaint was made within ninety days of the stop. Such is consistent with the statutory retention periods. *See* TEX. CODE CRIM. PROC. ANN. art. 2.135(b) (Vernon 2005) (requiring that police only keep videotapes of traffic stops for 90 days unless a racial-profiling complaint is filed); *Hutchinson v. State,* No. 05-04-01514-CR, 2005 WL 615726, *5 (Tex. App. – Dallas Mar. 17, 2005, no pet.) (op., not designated for publication) (holding because defendant did not make a racial-profiling complaint within ninety days of stop, his rights to due process were not violated when videotape of traffic stop, which he claimed was exculpatory evidence, was destroyed pursuant to statutory-retention periods and not on grounds of bad faith). In this regard, Officer Swearingen's testimony that no tape existed was, in fact, not false or misleading, but correct.

31





# MABANK POLICE DEPARTMENT

**CHIEF OF POLICE**
**ALEX SMITH**

P.O. Box 293
129 E. Market Street
Mabank, Texas 75147

Phone: 903-887-8500
Fax: 903-887-4288

October 21, 2004

Mr. Donald Gene Blanton
Inmate Kaufman County Jail
1900 E. Hwy 175
Kaufman, TX. 75142

Dear Mr. Blanton:

This letter is in response to your complaint of <u>Racial Profiling by Officer J. Jennings #412 of the Mabank Police Dept.</u>

<u>By policy</u> and <u>by law</u> a memo was generated to Officer Jennings detailing the nature and extent of the complaint. <u>Officer Jennings responded back that yes in fact he did believe that your brother Matt Blanton was driving the</u> vehicle which you were actually driving that night. Officer Jennings stated that he had <u>previous knowledge of the vehicle and your brother</u> because he had written Matt Blanton a citation for driving with an expired drivers license <u>on June 6, 2004.</u>

At the time Matt Blanton was cited, his license had been expired since 1998. I believe that Officer Jennings had reasonable suspicion to believe that <u>Matt Blanton was driving the vehicle and that his license was still expired.</u> In fact a computer check performed on this date revealed that Matt Blanton's license is still expired.

Even though Officer Jennings had reasonable suspicion to believe that a criminal offense was occurring he did not attempt to make contact with the driver of the vehicle until probable cause had been developed.

Do to the facts that I have discovered and explained, <u>I have no reason to believe that Officer Jennings was engaged in Racial Profiling.</u>

The complaint of Racial Profiling by Officer Jennings is unfounded.

Alex Smith
Chief of Police
Mabank Police Department

Exhibit D (2)

IN THE 86TH JUDICIAL DISTRICT COURT
KAUFMAN COUNTY, TEXAS

EX PARTE                          *

                                  *            CAUSE NO. 23,078A-86

DONALD GENE BLANTON,              *                  and

                                  *            CAUSE NO. 23,592A-86

APPLICANT                         *

## ATTORNEY'S AFFIDAVIT

STATE OF TEXAS          (
                        (
COUNTY OF KAUFMAN       (

BEFORE ME, the undersigned authority, personally appeared DEBORAH A. BEESLEY, Attorney at Law, who, by me duly sworn on her oath deposed and said as follows:

"My name is DEBORAH A. BEESLEY. I am an attorney licensed to practice law in the State of Texas. My State Bar Card number is 02042300. I was the attorney appointed by the honorable Judge of the 86th Judicial District Court, Kaufman County, Texas, to represent, **DONALD GENE BLANTON,** Applicant in Cause No. 23,078-86 and Cause No. 23,592-86 in the 86th JUDICIAL DISTRICT COURT OF KAUFMAN COUNTY, TEXAS, which resulted in Applicant being sentenced to twenty years in prison in Cause No. 23,078-86 and to life in prison in Cause No. 23,592-86 by a jury.

"As to the claim that Applicant received ineffective assistance from his trial counsel, I would show the Court that I was not Applicant's trial counsel. I had been appointed to represent **DONALD GENE BLANTON** on August 2, 2004. I met with Applicant on August 4, 2004 at the Kaufman County Law Enforcement Center in Kaufman, Texas. At that time, Applicant had been charged with two felony offenses, Possession of a Controlled Substance Penalty Group One, Less Than One Gram and Tampering With Physical Evidence. Applicant advised me that he was on parole and would have a blue warrant issued for him soon if one had not already been issued for him. Applicant also advised me that the police should have a video of his traffic stop and that the tape would show the police planting drugs on him during the stop. I immediately contacted the District Attorney's Office for Kaufman County and discovered that their office had not received the police report on Applicant's cases yet. I met with Applicant again at the jail on August 12, 2004 to inform him that the District Attorney's Office did not have a copy of his police report or his videotape yet but that I would continue to investigate his case by contacting the Mabank Police Department myself. On September 3, 2004, I was able to talk with Chief

---

**ATTORNEY'S AFFIDAVIT - PAGE 1**

187

than the minimum allowed by the enhancement paragraphs in his indictment. And his four prior felony convictions with four separate trips to prison would cause most prosecutors to not offer the minimum. Applicant told me that he wanted now to argue that the plastic baggies had not been thrown out of his driver's side window. He said that he wanted to argue that the baggies had come out of the back of his truck bed. He said that he would often times drive around town and pick up recyclables and that he may have picked up some baggies without knowing what was contained in them. I told Applicant that I would be glad to argue that for him if he took his case to a jury trial but that a jury would not find that argument credible in any way since it clearly shows on the video that the baggies are being thrown out of the driver's window. The tape does not show anything flying up and out of the bed of the truck.

"On March 3, 2005, I learned that Applicant's case had been assigned to a new prosecutor, Bi Hunt. I discussed Applicant's case with her and she gave me a new plea offer. Ms. Hunt offered Applicant a plea recommendation of credit for time served. Applicant had been in jail for almost eight months and that offer would violate Mr. Walton's standing office policy. I immediately drove to the jail and relayed the new offer to the Applicant. I advised the Applicant that he had received an offer of credit for time served, which meant that he would not have to serve any additional jail time on the case. I told him that he was basically getting what he originally wanted. The Applicant said that he needed time to think about the offer. I told him that I did not know how long Ms. Hunt would keep that offer open, especially since it violated her boss' orders. I also told him that people were either quitting or being fired from that office on practically a daily basis and that another prosecutor would not offer anything close to that credit for time served offer. Applicant still wanted time to think about the offer. On the following day, March 4th, I saw Ms. Hunt in the District Attorney's Office and she asked me if Applicant had accepted her generous offer. I explained to her that he wanted some time to think about it. Ms. Hunt informed me that Applicant had until 5 p.m. that very day to let me know that he accepted the offer or she would withdraw it. I drove immediately out to the jail and spoke with Applicant. I told him that I needed to know whether he was going to accept the offer from Ms. Hunt and that I had to let Ms. Hunt know he had accepted it by 5 p.m. that day or she would withdraw the offer. Applicant rejected the offer.

"After rejecting Ms. Hunt's plea offer, the Applicant began corresponding directly with Ms. Hunt by writing her numerous letters. After being informed by Ms. Hunt that Applicant was writing her directly, I advised Applicant to stop writing letters to Ms. Hunt or anyone else in the District Attorney's Office. Applicant completely ignored my advice. He continued writing her several more letters. In one of those letters, Applicant told Ms. Hunt that she did not have a case against him and that she should review the evidence against him. Ms. Hunt read that letter to me and I again went to the jail to advise Applicant to stop writing those letters to the District Attorney because she could use those letters as

**ATTORNEY'S AFFIDAVIT - PAGE 4**

31.

Cause No. 23078-86

| The State of Texas | § | In the District Attorney Office; 86th District Court |
| | § | |
| vs | § | In and For |
| | § | |
| Donald G. Blanton | § | Kaufman County, Texas |

Offense: Poss CS PG 1 < 1g

Classification enhanced, 2-20

Range of punishment: 2-20

Plea recommendation: Plead Guilty, time served ✓

| | | |
|---|---|---|
| X Standard Probation Terms | | _____ DWI Interlock Conditions |
| _____ Restitution to Victim of | | _____ Curfew from _____ to _____ |
| _____ Restitution to DPS Lab of | | _____ Attend Anger Management Class |
| _____ Community Service of 120 hours | | _____ Attend Financial Management Class |
| _____ Jail time as condition of | | _____ Attend Victim Impact Panel |
| _____ SAFPF as condition | | _____ Alcohol Awareness Program |
| _____ Boot Camp | | _____ Drug Offender Program |
| _____ Shock Probation | | _____ Sex Offender Program and Conditions |
| _____ Reimburse County for atty. fees | | _____ Agreed Forfeiture |
| _____ DWI Probation Conditions | | _____ Bond Forfeiture |
| _____ DL Suspension for | | |

Other:

**Note: This plea recommendation may be withdrawn at any time, for any reason, until the defendant has plead guilty to the Court, the Court has accepted the defendant's plea, and a judgment entered.**

This plea recommendation was prepared on 03/03/05 by ~~Cameron Cowan~~ By Hout

**Privileged and Confidential**

27.

Privileged and Confidential

# DEBORAH A. BEESLEY

ATTORNEY AT LAW
METRO (972) 564-9571
FAX (972) 552-9571

<u>MAILING ADDRESS</u>
P. O. Box 1589
Forney, Texas 75126

<u>PHYSICAL LOCATION</u>
108 S. Bois D' Arc.
Forney, Texas 75126

September 24, 2004

Inmate Donald Blanton
Kaufman County Jail
P.O. Box 849
Kaufman, Texas 75142

RE: Kaufman County charges

Dear Mr. Blanton:

I received your copy of the police report. I will contact the District Attorney's Office once again to see if they have received the report from the police department yet.

The Kaufman County DA does not allow the police agencies in the area to file a drug case until they have received the lab report on the drugs in that particular case. Therefore, if the DA has not received your report yet, it means that the police department has not filed it because they have not received your lab report back from the crime lab.

In the meantime, I have discussed your case with the Mabank Police Chief. He has agreed to allow me to view the videotape when I can find the opportunity to meet with him at his office. He is not requiring that I wait until the tape is sent to the DA office for me to look at it. However, I will have to wait until the tape is sent to the DA office before I can receive a copy of it.

Once the case has been filed with the District Attorney's, I can assure you that I will take whatever steps are appropriate in defending your case, including filing a Motion for Discovery and Motion to Suppress Evidence, if necessary.

Sincerely yours,

DEBORAH A. BEESLEY
Attorney At Law

EX PARTE                          §

                                  §

DONALD GENE BLANTON,              §          CAUSE NO. 23592A-86

                                  §

APPLICANT                         §

---

## THE STATE'S AMENDED ANSWER TO THE
## APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS

COMES NOW RESPONDENT, the State of Texas, by the undersigned Assistant

Criminal District Attorney for Kaufman County, and files this, the State's amended

answer to the applicant's application for writ of habeas corpus under article 11.07 of the

Texas Code of Criminal Procedure, denying the applicant's allegations, and would

further show the Court the following:

## I. PROCEDURAL SUMMARY

The applicant, Donald Blanton, was charged with tampering with physical

evidence[1] (CR at 3-8).[2] The State sought to enhance the charge with prior convictions,

and over his plea of not guilty, a jury determined that the applicant committed the offense

and assessed punishment at life imprisonment (CR at 24, 32).

Not content with the jury's verdict, the applicant appealed, and on July 21, 2006,

the Fifth Court of Appeals affirmed the conviction. *See Blanton v. State*, No. 05-05-

---

[1] In a related case arising from the same criminal episode, the applicant was indicted for possession of cocaine in an amount of less than one gram, enhanced with prior felony convictions. Both cases were tried together.

[2] References to the clerk's record will be denoted as "CR" and page number, references to the reporter's record will be denoted as "RR" and volume and page number, references to the supplemental reporter's record will be denoted as "RS" and page number, references to the State's trial exhibits will be denoted as ST and exhibit number, and references to the Defense's trial exhibits will be denoted as DT and exhibit number.

1

the outcome of the proceedings would have been different.[3] Thus, the applicant has not shown that counsel was ineffective for failing to investigate the ripped-bag allegation. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding that appellant bears the burden to affirmatively prove prejudice by showing through evidence that the errors, if any, affected the outcome of the proceeding).

Moreover, the record does not support the applicant's allegation that counsel failed to interview the lab technician before trial. Indeed, according to her affidavit, counsel conducted a pre-trial telephone interview with the lab technician in which she learned of the testing procedures and his results. *See* State's Exhibit A. Then at trial, counsel thoroughly cross-examined the lab technician, questioning his method of testing the substances and whether his results were verified (RR 3 at 119-127). The record does not reflect that counsel was surprised by the technician's testimony, nor that she was ill-prepared to attack his results. *See* State's Exhibit A. Thus, the record does not affirmatively show that counsel was ineffective in this regard. *See Strickland,* 466 U.S. at 687; *Thompson,* 9 S.W.3d at 813.

Nor has the applicant shown that counsel's failure to secure a defense expert was ineffective assistance of counsel. The record reflects that counsel succeeded in having the cocaine retested by an independent lab (CR at 119-120; RR 4 at 117-118). Then, during the technician's testimony, counsel questioned why a different lab would

---

[3] The applicant points to State's Exhibit 1 to support his allegation that the bags were not ripped. *See* Applicant's Appendix F. However, States' Exhibit 1 was only one of the bags collected. Indeed, State's Exhibit 4 consisted of two bags that were clearly ripped, which according to the officer, were collected despite their contents having been spilt on the roadway due to the applicant's tampering of the bags and tossing them from the window (RR 4 at 42-43; SX 4).

6

particularly worked personally yourself?

A. Yes, I did.

MR. CAMERON: May I approach the witness, Your Honor?

THE COURT: You may.

Q. MR. CAMERON: Let me show you, Mr. Masey, some envelopes that have been marked for identification as State's Exhibit 1, 2, 3, and 4, ask if you can look at those envelopes and if you're able to identify them.

A. Number 4, I cannot. But Number 1, 2, and 3, I can.

Q. So Items 1, 2, and 3, how are you able to identify those?

A. They each have our unique laboratory case number on them as well as my initials.

Q. Were Items 1, 2, and 3 submitted to the DPS crime laboratory in Garland in a sealed condition?

A. Yes, they were.

Q. And when you receive an item like that, are notes made in your records as to whether or not the item was in a sealed condition when it was submitted?

A. Yes, there is.

Q. And do you also note in your records how it was received or who it was received from?

A. Yes, we do.